■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WILT, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum:

Defendant, tried jointly with Richard Castrechino (see *People v Castrechino,* 105 AD2d 1089) was convicted of two counts of criminal possession of a weapon in the third degree. The evidence against defendant consisted of proof that police found a loaded gun in the trunk of the automobile driven by defendant in which Castrechino was a passenger. The statutory presumption of possession set forth in subdivision 3 of section 265.15 of the Penal Law provides: "The presence in an automobile, other than a stolen one or a public omnibus, of any firearm [or] defaced firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found". The statutory presumption establishes a prima facie case against defendant, which presumption he may rebut by offering evidence (*People v Lemmons,* 40 NY2d 505, 510). Although generally the presumption will remain in the case for the jury to weigh even if contrary proof is offered, it may be nullified if the contrary evidence is strong enough to make the presumption incredible (*People v Lemmons, supra,* p 510). Here, defendant testified in his own defense and called several witnesses who corroborated his story that he had only been in the automobile for five or six minutes to look for his girlfriend. He stated that he had never looked in the trunk of the car which had a missing trunk lock and did not know that a gun was inside the trunk. The overwhelming and uncontradicted evidence renders the statutory presumption of Penal Law unconstitutional as applied to this defendant. In our view, there is no "rational connection" between the discovery of the gun in the trunk and defendant's presumed possession (cf. *Leary v United States,* 395 US 6, 33; *Tot v United States,* 319 US 463). Absent the statutory presumption, the evidence is legally insufficient to convict defendant of knowingly possessing a loaded firearm as a matter of law. (Appeal from judgment of Monroe County Court, Celli, J. — criminal possession of weapon, third degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.