■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CASTRECHINO, Appellant. — Case held, decision reserved and matter remitted to Monroe County Court for a suppression hearing. Memorandum: Defendant was charged with two counts of criminal possession of a weapon in the third degree when the automobile in which he was a passenger was stopped and searched by police who found a loaded .38 caliber handgun in the trunk. His pretrial motion to suppress was denied by the suppression court, without a hearing, on the ground that he lacked standing. After a jury trial, defendant was convicted as charged. Although the "automatic standing" rule has been abrogated (*United States v Salvucci,* 448 US 83; *People v Ponder,* 54 NY2d 160), a person charged with a possessory crime is entitled to the constitutional guarantees against unreasonable searches and seizures when he can demonstrate a reasonable expectation of privacy in the invaded place (*United States v Salvucci, supra,* p 93; *People v Ponder, supra,* p 166). The record indicates that the lawful owner of the automobile had entrusted it to defendant's possession several days previously for needed repairs. As a garageman or repairman, defendant had lawful possession of the car (cf. *People v Weeden,* 89 AD2d 814) so as to give him a reasonable expectation of privacy (see *People v Robinson,* 121 Misc 2d 267, 269-270). Accordingly, defendant has standing to contest the search and seizure and denial of the motion to suppress without a hearing was error. (Appeal from judgment of Monroe County Court, Celli, J., at trial; Kennedy, J., on motion to suppress — possession of weapon, third degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.