■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CASTRECHINO, Appellant.—Judgment unanimously reversed, on the law and facts, defendant's motion to suppress granted, and indictment dismissed. Memorandum: Defendant,

convicted of criminal possession of a weapon, third degree, appeals from the court's holding after a hearing on remittal (*see, People v Castrechino,* 105 AD2d 1089) that the search of the car in which he was a passenger was proper and that therefore the weapon found in the trunk was admissible against him. We reverse. The hearing record reveals no showing of probable cause to arrest. While the arresting officer testified that he was provided with a description of the suspects and told that they were wanted in connection with a sex offense, the prosecution did not provide "the description upon which the police acted and sufficient evidence to make its own independent determination whether the person arrested * * * reasonably fit that description" (*People v Dodt,* 61 NY2d 408, 415) nor did it supply the basis for the police belief that the suspects sought had committed a crime (*see, People v Bouton,* 50 NY2d 130, 135-136). Therefore, the search of the passenger compartment (which produced items which, it is argued, gave police probable cause to search the trunk) cannot be upheld as incident to a lawful arrest (*see generally, People v Gokey,* 60 NY2d 309, 312; *People v Smith,* 59 NY2d 454, 458). The record does not establish that the items found in the passenger compartment were in plain view. (Resubmission of appeal from judgment of Monroe County Court, Celli, J., at trial; Kennedy, J., on suppression motion—criminal possession of weapon, third degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.