OPINION OF THE COURT
Alan D. Marrus, J.
The sole evidence presented to the Grand Jury in this case consisted of the testimony of the complaining witness on videotape. This videotape testimony was secured by the People pursuant to application under CPL 190.32, which authorizes the videotaping of the examination of a "special witness” and the introduction of the videotape into evidence before a Grand Jury.
The defense contends that the videotaped evidence was legally insufficient to support the indictment and that the defendant was prejudiced by the lack of live testimony. The court denies his motion to dismiss and finds his claim of prejudice patently devoid of merit.
On November 8, 1985, the complainant, Laura Rafajlovski, was allegedly shot in the mouth and jaw by her estranged husband, Cane Rafajlovski, the defendant. As a result of this *77 shooting incident, Laura Rafajlovski sustained injuries to her mouth and jaw and was unable to speak. The defendant was arrested on November 8, 1985 and arraigned in the Criminal Court on November 9, 1985. Bail was set in the amount of $25,000, an amount which the defendant was not able to post. The case was assigned to Criminal Court, Part AP-1, and adjourned to November 13, 1985. On that date a Criminal Court Judge ruled that because the complainant was too ill to proceed to a preliminary hearing, there was good cause to extend the time the defendant could be held in custody pursuant to CPL 180.80, and the court adjourned this matter to November 18, 1985. On that date, the court again found good cause to extend the time the defendant could be kept in custody, because the medical condition of the complainant prevented a preliminary hearing. The court then adjourned the case to November 22, 1985.
On November 15, 1985, the District Attorney’s office made an application pursuant to CPL article 190 to have Laura Rafajlovski adjudged a "special witness” and to conduct the videotaping of an examination of Laura Rafajlovski. The court adjudged Laura Rafajlovski a "special witness” and authorized the District Attorney’s office to videotape an examination of that witness and subsequently introduce that videotape into evidence at a Grand Jury proceeding.
On November 21, 1985, an Assistant District Attorney, together with a video technician, went to New York University Medical Center to videotape an examination of the complainant. The only people in the room were the complaining witness, the Assistant District Attorney and the video technician. The complaining witness, unable to speak because her mouth was bandaged, wrote her answers out on a pad and her written answers were recorded on the videotape in addition to the prosecutor’s oral examination. The complaining witness appeared alert and tastefully dressed in a hospital gown, although she had a conspicuous bandage on her mouth. There were no other open or visible wounds, and she did not express any visible pain during the videotaped proceeding.
The videotape was shown to the Grand Jury on November 22, 1985, and the Grand Jury voted a true bill on the same date. As a result, the case was transferred from the Criminal Court to the Supreme Court. The defendant was arraigned in the Súpreme Court on December 12, 1985.
The court finds that the introduction into evidence before *78 the Grand Jury of the videotaped examination of the complainant was perfectly proper. The defendant has not been prejudiced by the use of this procedure and, indeed, has received some benefits from its use.
CPL 180.80, insofar as it is applicable to this case, states as follows:
"Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless * * *
"2. Prior to the application:
"(a) The district attorney files with the court a written certification that an indictment has been voted; or
"(b) An indictment or a direction to file a prosecutor’s information charging an offense based upon conduct alleged in the felony complaint was filed by a grand jury; or
"3. The court is satisfied that the people have shown good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice.”
In this case the Criminal Court found good cause not to release the defendant on his own recognizance for a period of nine days beyond the normal CPL 180.80 day, from November 13, 1985 through November 22, 1985. It is apparent, from a review of the court file and above statute, that the defendant could have remained in jail and the case could have languished for several more weeks until the complaining witness was well enough to testify in person at a preliminary hearing or in the Grand Jury.
The court further finds that the District Attorney fully complied with the "special witness” provisions of CPL 190.32 (3), (5), and that this section was created for the situation in this case in which the witness was incapacitated. Additionally, the District Attorney carried out the prescribed procedure *79 with scrupulous regard for both the confidentiality of the Grand Jury proceedings and for the defendant’s rights. The only people in the room were the complaining witness, the Assistant District Attorney, and the video technician. The complaining witness wrote her answers out on a pad, and indeed the written answers on the pad have been preserved and are in the possession of the District Attorney.
This procedure represents a very positive use of a modern-day technology, and just because it is new and different does not mean that it is bad or prejudicial to the defendant. In fact, had they wheeled this woman into the Grand Jury room on a stretcher or in a wheelchair and had the Grand Jury been confronted with her in person, there is no question that there would have been a much greater possibility of prejudice to the defense than where, as here, the Grand Jury was presented with a videotape displayed on a television monitor. Surely, the "special witness” videotaped examination was preferable to a belated live examination in which the complaining witness would have been wheeled into the Grand Jury, with her injured mouth on live display and, perhaps, answering questions in greater discomfort outside of a hospital setting. Indeed, it would have been difficult, if not impossible, for the grand jurors to have seen the complainant’s written answers without the use of a camera and monitor. The defense also benefits from the ability of the court to review the actual videotaped testimony seen by the Grand Jury as opposed to a cold, printed record of live testimony.
The second contention of the defendant is that the indictment should be dismissed because he was not allowed to testify before the Grand Jury. Regarding the defendant’s second argument, the court finds that the defendant’s right to testify before the Grand Jury was not violated. CPL 190.50 (5) (c) states as follows: "Any indictment or direction to file a prosecutor’s information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid, and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment * * * If the contention is not so asserted in timely fashion, it is waived and the indictment * * * may not thereafter be challenged on such ground.”
The defendant was arraigned on December 12, 1985. The defendant filed this motion on January 21, 1986, which was *80 far beyond the five-day period allowed for filing this motion after arraignment, as set forth in the statute above. Clearly, this motion to challenge the indictment is not timely. The defendant, moreover, was notified of the Grand Jury proceeding, and he never filed a cross notice upon the District Attorney requesting to testify before the Grand Jury as a witness in his own behalf.
Finally, the defendant claims that the District Attorney should have charged the defense of "justification” in the Grand Jury. The court finds that there was no evidence presented to the Grand Jury which warranted a justification charge. No evidence was presented that the defendant fired a weapon to protect himself. In conclusion, the court finds that the evidence was legally sufficient, the defendant was not prejudiced by the use of the videotaped examination, and the motion to dismiss the indictment is denied.