OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defense requested inspection of the Grand Jury transcript. The inspection of the Grand Jury transcript disclosed that the complainant was declared a "special witness” and pursuant to an ex parte order of a Justice of this court, as authorized by CPL 190.32 (3) and (4), the examination of the complainant was conducted at a hospital and videotaped, and the tape was played for the Grand Jury. Several issues were raised because of the use of CPL 190.32. The court examined these and other issues raised by the defense seeking to have *542 the indictment dismissed. After consideration of the record and of an affidavit filed by the People at the court’s direction, the motion to dismiss the indictment was denied on January 25,1990. This opinion sets out the conclusions of the court.
The procedures authorized by CPL 190.32 have been held valid. (People v Rafajlovski, 131 Misc 2d 76 [Sup Ct, Kings County 1986], affd on other grounds 152 AD2d 608 [2d Dept 1989]; see, People v Rich, 137 Misc 2d 474 [Sup Ct, Monroe County 1987].) However, this court has found no direct authority on the issue of whether it has the power or discretion to review the order finding the complainant a special witness and authorizing the videotaping. People v Rafajlovski (131 Misc 2d 76, 78, supra) and People v Rich (137 Misc 2d, supra, at 479) involve the issue, but do not deal explicitly with it. An analysis of the statutes relating to the Grand Jury convinces this court that it should not reexamine the order. Although application for videotaping is part of the Grand Jury process, it is unlike the rest of the process because the appropriateness of taking the witness’ testimony on tape rather than in person is determined by a judicial officer rather than the prosecutor. Because the judicial officer issuing the order is of coordinate jurisdiction with this court, no reexamination by this court is appropriate unless new information can permissibly come before it. An examination without new information would add nothing to the original decision-making process.
All procedures relating to the Grand Jury and the review by the court of Grand Jury procedures conducted by the prosecutor, with one exception not relevant here,* are ex parte and secret. (CPL 190.25 [4] [a]; 210.30 [3].) Because the ex parte application for videotaping is part of the Grand Jury procedure and there is no separate statute which authorizes an adversarial challenge of the videotaping order, the defense is not authorized to present any information relevant to the order. Accordingly, an examination of the first court’s order would be an ex parte review of an ex parte procedure and is inappropriate.
*543 A comparison of the procedure for the review of warrants is significant and supports the conclusion that there should be no reexamination of the special witness order. A second court’s pretrial examination of an application for a search warrant issued by another court is authorized. (People v Guerra, 65 NY2d 60 [1985].) The second court reviews the sufficiency of the allegations to establish probable cause, the reliability of any informer and truthfulness of the affiant. (People v Slaughter, 37 NY2d 596 [1975]; People v Alfinito, 16 NY2d 181 [1965].) The proceedings to review the validity of the search warrant are adversarial and go to the substantive sufficiency of the affidavit. Even when nondisclosure of a warrant application is authorized to protect an informer, the nondisclosure is limited. (See, People v Darden, 34 NY2d 177 [1974]; People v Seychel, 136 Misc 2d 310 [Sup Ct, NY County 1987].) The reexamination of the warrant application is justified by the change in process from ex parte to adversarial. No such change exists with respect to the special witness order.
This court requested from the prosecutor an affidavit showing compliance with technical requirements of the statute for execution of the video order. The affidavit, the transcript of the Grand Jury proceedings, and the videotape itself show compliance. The transcript showed the date, time, and place and authorized presence of specific people when the testimony was taken. (CPL 190.32 [5] [a], [c].) A clock with a sweep second hand was displayed on the videotape. (CPL 190.32 [5] [b].) An oath of secrecy was administered by the Grand Jury foreperson to the video technician; the Assistant District Attorney had previously taken a constitutional oath. (CPL 190.32 [5] [c].) The name of the special witness, the caption of the case, the Grand Jury number, the date of the order allowing the videotaping and the name of the Judge issuing the order are all recorded. (CPL 190.32 [5] [d].) The oath was administered to the witness and is shown on the videotape, although not included in the transcript of the tape. (CPL 190.32 [5] [e].) It appears that only one tape was used. (CPL 190.32 [5] [b].)
The video as played to the Grand Jury was compared with the transcript of the tape. The tape was completely and accurately transcribed. (CPL 190.32 [6].) The prosecutor has affirmed that the tape is maintained in the same manner as Grand Jury minutes. (CPL 190.32 [7].)
*544 Further, after examination of the transcript the court finds that all other statutory procedures were satisfied, the instructions to the Grand Jury were correct, and the crimes charged were established.
A Huntley-Miranda hearing is granted to establish the admissibility of statements made by the defendant.

 The exception arises if the court believes disclosure of relevant testimony is necessary to assist in making a determination whether the evidence before the Grand Jury was legally sufficient to support the charges in the indictment. (CPL 210.30 [3].) In that situation the testimony may be disclosed for resolution of a significant substantive issue. Even in such circumstances the prosecutor must be given an opportunity to oppose disclosure.