# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1049**
**KA 09-00341**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V          MEMORANDUM AND ORDER

CARL CAMPBELL, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered November 20, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a bench trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that he had actual or constructive possession of the weapon. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented evidence that the police found a loaded gun on the floor of the rear passenger seat of the automobile in which defendant was a passenger. The statutory presumption of possession set forth in Penal Law § 265.15 (3) provides that "[t]he presence in an automobile, other than a stolen one or a public omnibus, of any firearm [or] defaced firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found . . . ." The statutory presumption establishes a prima facie case against a defendant, which presumption he or she may rebut by offering evidence (*see People v Lemmons*, 40 NY2d 505, 510).

In *People v Wilt* (105 AD2d 1089, 1090), this Court concluded that there was no " 'rational connection' " between the discovery of the gun in the trunk of the vehicle in which the defendant was riding and his presumed possession of the gun. We noted that defendant had

testified in his own defense that he had only been in the vehicle for five or six minutes to look for his girlfriend and did not know that a gun was inside the trunk. Defendant also testified that he had never looked in the trunk of the vehicle, which was missing its trunk lock. We further noted that defendant's testimony was corroborated by several witnesses (*see id.* at 1090). Here, unlike in *Wilt*, the weapon was found on the floorboards of the right rear passenger seat, and defendant was in that passenger seat. Defendant chose not to testify in his own defense and did not call any witnesses in order to rebut the presumption. In our view, it was rational to presume that defendant had both the ability and the intent to exercise dominion and control over the weapon, and thus the evidence is legally sufficient to establish that there was a " 'rational connection' " between the discovery of the weapon and defendant's presumed possession of the weapon (*id.; see Leary v United States*, 395 US 6, 33-34; *People v Glenn*, 185 AD2d 84, 89-90).

Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that a different finding would not have been unreasonable, we conclude that Supreme Court did not fail to give the evidence the weight it should be accorded (*see id.*).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court