■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRIGANTE, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered November 19, 1990, convicting defendant, after jury trial, of attempted grand larceny in the third degree, unauthorized use of a vehicle in the second degree, and possession of burglar's tools, and sentencing him to concurrent terms of imprisonment of 2 to 4 years, 2 to 4 years, and one year, respectively, unanimously modified on the law to the extent of vacating the conviction of attempted grand larceny in the third degree and the sentence imposed thereon, remanding the case for a new trial on that count, and otherwise affirmed.

The defense included the theory that although defendant was found in the vehicle in question and in possession of a metal clothes hanger commonly utilized to break into automobiles, he had no intent to actually steal the jeep (i.e., the jury had before it some evidence to support an inference that defendant was interested merely in the contents of the jeep). In these circumstances, the trial court erred in denying defense counsel's request for an elaboration on the statutory definition of larceny, either by explaining the need for an intent to deprive permanently (as requested by defense counsel), or by reading to the jury the statutory definitions of "deprive" and "appropriate", which have particular significance herein (Penal Law § 155.00 [3], [4]). The People are required to prove there was a specific intent to steal and that act must contemplate a substantially permanent appropriation of the property. As the evidence before the jury presented an issue of fact regarding intent, the jury should have re-

ceived proper definitions of the words "deprive" and "appropriate" *(see, People v Guzman,* 68 AD2d 58, 61-62).

We have considered defendant's additional claims of error and find them to be either unpreserved (CPL 470.05) or without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.