■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE JENNINGS, Appellant. [720 NYS2d 4] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered February 26, 1998, convicting defendant, after a jury trial, of attempted assault in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing her to concurrent terms of 3 to 6 years on the attempted assault conviction, 4 to 8 years on the attempted robbery conviction and 4 to 8 years on the weapon possession conviction, unanimously modified, on the law, to the extent of vacating the conviction of criminal possession of a weapon in the second degree and ordering a new trial as to that count, and otherwise affirmed.

Given the vagueness of the People's ballistics expert's testimony with respect to the actual length of the barrel of the sawed-off shotgun, and the absence of any other specific testimony regarding the length of the barrel or the entire shotgun, aside from the complaining witness's inexact demonstration, the trial court erred in refusing defendant's specific request that the court include in the definition of a firearm the requirement that the jury must find the barrel to be shorter than 18 inches (Penal Law § 265.00 [3]). The People were required to establish that defendant possessed a loaded firearm, and since the evidence before the jury presented an issue of fact as to whether the weapon in question so qualified, the jury should have received a full definition of the term "firearm" (*see, People v Brigante,* 186 AD2d 360, *lv denied* 81 NY2d 761). Accordingly, defendant is entitled to a new trial on the weapon possession count only.

Defendant's argument that on the instant facts the length requirement of Penal Law § 265.00 (3) also applied to the count charging attempted robbery in the first degree under a "display" theory is not preserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly charged that, in order to find defendant guilty of attempted robbery in the first degree, the jury was not required to find that defendant displayed an actual firearm during the commission of the crime, but only that she displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm (Penal Law § 160.15 [4]; *see also, People v Saez,* 69 NY2d 802). Based upon the testimony of the complainant, it is clear that defendant displayed what appeared to the complainant to be a pistol. Further, the court's failure to instruct the jury regarding the length requirement regarding shotgun barrels does not warrant reversal of defendant's attempted robbery conviction since a shotgun is one of the listed weapons in Penal Law § 160.15 regardless of its length.

Defendant's claim that the weapon possession count is duplicitous is unpreserved (*see, People v Bayne,* 186 AD2d 419, *affd* 82 NY2d 673) and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.