■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. ALTERI, Appellant. [853 NYS2d 204]—

Lahtinen, J.

Defendant and his girlfriend attended a party during the first weekend of December 2005 at a residence in the Village of Ticonderoga, Essex County. Among those present was the 16-year-old victim, who became intoxicated as the party progressed and eventually went to a bedroom where she and defendant's girlfriend began kissing. Shortly thereafter, defendant entered the bedroom and, while his girlfriend performed oral sex upon him, he allegedly fondled the victim. Based upon such conduct, defendant was indicted for, among other things, endangering the welfare of a child and sexual abuse in the third degree. He was convicted by a jury of these two crimes and now appeals.

Defendant asserts that there was inadequate evidence both of the alleged touching and also the date when the incident occurred and, thus, the verdict was not supported by legally sufficient evidence. The standard of review on a challenge for legal sufficiency is whether "viewed in the light most favorable to the People, there exists a valid line of reasoning and permissible inferences from which a rational juror could conclude that each of the elements of the subject charges upon which defendant was convicted were established beyond a reasonable doubt" (*People v Richardson*, 28 AD3d 1002, 1004 [2006], *lv denied* 7 NY3d 817 [2006]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). With regard to the touching of the victim, defendant's girlfriend acknowledged that she saw defendant touching the victim's breast. Although the victim's recall was not clear because of her level of intoxication, she testified that after the subject evening defendant stated to her that he had placed his hand on her vagina. We find this proof sufficient regarding

920

touching. Similarly, the evidence was sufficient to establish that the conduct occurred on the first weekend of December 2005 as alleged in the indictment. Defendant presented proof that placed him at a fire department Christmas party during part of the evening of Saturday, December 3, 2005. Nevertheless, both the victim and defendant's girlfriend recalled that the incident occurred during the first weekend of December 2005.

Since an acquittal would not have been unreasonable, we have weighed the conflicting testimony and rational inferences that may be drawn therefrom (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Chaffee*, 30 AD3d 763, 764 [2006], *lv denied* 7 NY3d 846 [2006]). According deference to the jury's opportunity to view the witnesses and assess credibility (*see People v Bleakley*, 69 NY2d at 495; *People v Stasiak*, 25 AD3d 1025, 1026 [2006]) and noting that a jury's verdict is not necessarily against the weight of the evidence merely because it accepts part of a witness's testimony and rejects other parts (*see People v Kuykendall*, 43 AD3d 493, 495-496 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Bush*, 14 AD3d 804, 804-805 [2005], *lv denied* 4 NY3d 852 [2005]), we are not persuaded that the jury's verdict was against the weight of the evidence.

Finally, we find no merit in defendant's argument that County Court committed prejudicial error in precluding him from presenting proof regarding the victim's prior sexual activity. "[S]uch evidence is inadmissible unless it falls within one of the statutory exceptions" (*People v Thompson*, 27 AD3d 888, 890 [2006], *lv denied* 6 NY3d 853 [2006]; *see* CPL 60.42). No statutory exception was shown and the fact that the victim may have been sexually active does not, as urged by defendant, tend to show that his conduct on the night in question was not likely to be harmful to her physical, mental or moral welfare (*see generally People v Kuykendall*, 43 AD3d at 496).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.