THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. WELLBORN, Also Known as GHOST, Appellant. [919 NYS2d 430]—

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]).

We reject defendant's contention that he did not receive effective representation at trial (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to meet his burden of " 'demonstrat[ing] the absence of strategic or other legitimate explanations' " for certain alleged failures of defense counsel (*People v Benevento*, 91 NY2d 708, 712 [1998]), and we note that other alleged shortcomings of defense counsel identified by defendant are belied by the record. Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct during summation (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit. The alleged misconduct by the prosecutor on summation, including statements that the case was "simple" and that certain inferences were "pretty clear," remained within " 'the broad bounds of rhetorical comment permissible' " during summations (*People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007]).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). While a different result would not have been unreasonable, upon our review of the record we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495). "The fact that two of the People's witnesses had unsavory backgrounds . . . does not render their respective testimony incredible as a matter of law" (*People v Adams*, 302 AD2d 601 [2003], *lv denied* 100 NY2d 592 [2003]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.