# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**225**

**KA 09-00903**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD E. AIKEY, JR., DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

RICHARD E. AIKEY, JR., DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 22, 2008. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), defendant contends that the verdict is against the weight of the evidence based on inconsistencies in the testimony of one of the victims. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). "Great deference is to be accorded to the fact [ ]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Curry*, 82 AD3d 1650, 1651, *lv denied* 17 NY3d 805 [internal quotation marks omitted]; *see People v Mateo*, 2 NY3d 383, 410, *cert denied* 542 US 946).

Contrary to defendant's further contention, County Court did not abuse its discretion in denying his request for an adjournment when his attorney became ill. "The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (*People v Arroyo*, 161 AD2d 1127, 1127, *lv denied* 76 NY2d 852). Here, defense counsel continued to represent defendant at trial, and thus defendant failed to establish that he was

prejudiced by the court's denial of his request.

We reject defendant's contention that he was punished for exercising his right to a trial. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Powell*, 81 AD3d 1307, 1308, *lv denied* 17 NY3d 799; *see generally People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087).  The record before us establishes that, although the court indicated it was willing to accept an *Alford* plea with a shorter sentence than the sentence that was eventually imposed, that offer was made to spare the child victims the trauma of testifying against defendant, their uncle (*see People v Austin*, 190 AD2d 508, 509, *lv denied* 81 NY2d 1011). "There is no 'evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial' " (*People v Johnson*, 56 AD3d 1172, 1173, *lv denied* 11 NY3d 926; *see Pena*, 50 NY2d at 411-412).  In addition, the sentence is not unduly harsh or severe.

Defendant's contention in his pro se supplemental brief that the court erred in allowing the People's expert to bolster the testimony of one of the victims is not preserved for our review (*see People v Smith*, 24 AD3d 1253, 1253, *lv denied* 6 NY3d 818).  In any event, that contention is without merit (*see generally People v Carroll*, 95 NY2d 375, 387; *People v Wallace*, 60 AD3d 1268, 1270, *lv denied* 12 NY3d 922).  Contrary to the further contention of defendant in his pro se supplemental brief, "[t]he failure of defense counsel to obtain the testimony of an expert does not constitute ineffective assistance of counsel because defendant has not shown that 'such testimony was available, that it would have assisted the jury in its determination or that [defendant] was prejudiced by its absence' " (*People v Brandi E.*, 38 AD3d 1218, 1219, *lv denied* 9 NY3d 863; *see People v Prince*, 5 AD3d 1098, 1098, *lv denied* 2 NY3d 804).

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court