# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**111**

**KA 11-00447**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

WILBERT T. MAXWELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 31, 2011. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that the evidence is legally insufficient to support his conviction because the People failed to establish that the gun recovered by the police and allegedly used by defendant in the robbery was a "pistol, revolver, rifle, shotgun, machine gun, or other firearm" within the meaning of Penal Law § 160.15 (4). We reject that contention. A person is guilty of robbery in the first degree pursuant to Penal Law § 160.15 (4) "when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he [or she] . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ." Thus, in order to convict defendant of that crime, County Court "was not required to find that defendant displayed an actual firearm during the commission of the crime, but only that []he displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm" (*People v Jennings*, 279 AD2d 284, 285, *lv denied* 96 NY2d 830), and there is ample evidence of that element. Indeed, the victim described the weapon used in the robbery as a "big black gun," and she drew a picture of the gun, which was admitted in evidence. The investigating detective testified that, based upon that drawing, he believed that the weapon was a MAC-10, a machine-type pistol. The police subsequently recovered a loaded M-11 pistol in connection with another investigation, and the major DNA profile from that gun matched that of defendant. At trial, the victim identified

the M-11 as the gun defendant pointed at her during the robbery. Defendant also contends that the evidence is legally insufficient to support the conviction because the victim's testimony lacked credibility. We reject that contention. The victim's testimony was not incredible as a matter of law "inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Gaston*, 100 AD3d 1463, 1464 [internal quotation marks omitted]; *see People v Walker*, 50 AD3d 1452, 1452-1453, *lv denied* 11 NY3d 795, *reconsideration denied* 11 NY3d 931; *People v Olivero*, 289 AD2d 1082, 1083, *lv denied* 98 NY2d 639). We thus conclude that, "viewing the facts in a light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational [trier of fact] could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (*see id.*), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Campbell*, 98 AD3d 1310, 1311-1312). It is well settled that "[g]reat deference is to be accorded to the fact []finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956 [internal quotation marks omitted]; *see People v Curry*, 82 AD3d 1650, 1651, *lv denied* 17 NY3d 805). Here, the court specifically credited the victim's testimony, and we see no basis to disturb that determination (*see People v Newman*, 87 AD3d 1348, 1350, *lv denied* 18 NY3d 926). The evidence established that the victim called 911 within minutes after the robbery occurred and told the dispatcher that she knew the perpetrator. The victim sounded upset in the recording of the call, and her description of the robbery to the 911 dispatcher was consistent with her account at trial. Additionally, when the victim saw defendant two days after the robbery, she recorded his license plate number and promptly called the police. She then provided the police with a statement and a drawing of what the court described as "an unusual looking gun." A gun, which was similar in appearance to the gun described by the victim, was subsequently recovered by the police in connection with an unrelated investigation and was later linked to defendant through DNA evidence. With respect to the victim's criminal history, "[t]he fact that [she] had an unsavory background . . . [does] not render [her] testimony incredible" (*People v Bernard*, 100 AD3d 916, 916-917; *see People v Wellborn*, 82 AD3d 1657, 1658, *lv denied* 17 NY3d 803). Further, while the victim was the only eyewitness to the robbery, it is well established that "the testimony of one witness can be enough to support a conviction" (*People v Calabria*, 3 NY3d 80, 82; *see People v Jackson*, 8 NY3d 869, 870; *People v Arroyo*, 54 NY2d 567, 578, *cert denied* 456 US 979), and several aspects of the victim's account were corroborated by the testimony of other witnesses as well as the DNA evidence (*see People v Hurlbert*, 81 AD3d 1430, 1431-1432, *lv denied* 16 NY3d 896).

We also reject the contention of defendant that he was denied effective assistance of counsel. Although defense counsel's performance was not perfect, we conclude that, "[v]iewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, . . . defendant received meaningful representation" (*People v Hildreth*, 86 AD3d 917, 918; *see generally People v Baldi*, 54 NY2d 137, 147). Defense counsel, inter alia, opposed the People's application for a buccal swab, made a bail application, vigorously cross-examined the People's witnesses, gave cogent opening and closing statements, moved for a trial order of dismissal, and moved to set aside the verdict pursuant to CPL 330.30. Through his cross-examination of the People's witnesses and his opening and closing statements, defense counsel suggested that the victim fabricated the robbery either in an effort to retain the money for herself or in furtherance of a vendetta against defendant, which was "a reasonable trial strategy in the face of strong opposing evidence" (*People v Penwarden*, 258 AD2d 902, 902; *see People v Jordan*, 99 AD3d 1109, 1110). In furtherance of that strategy, he attacked the victim's veracity and the credibility of the People's other witnesses, challenged the significance of the DNA evidence, and questioned the adequacy of the police investigation into the robbery.

Finally, the sentence is not unduly harsh or severe, particularly given defendant's lengthy criminal history, the serious nature of the crime, and defendant's use of a semi-automatic assault weapon.

Entered: February 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court