# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**485**

**KA 11-00308**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WAYNE M. JOHNSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered June 27, 2008. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (§ 160.15 [3]) and robbery in the third degree (§ 160.05). Viewing the evidence in light of the elements of the crime in the nonjury trial in appeal No. 1 (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The victim and another witness testified that defendant brandished a long kitchen knife while fleeing from the robbery. Although defendant testified that he neither brandished a knife nor had one on his person during or in immediate flight from the robbery, it is well settled that "[g]reat deference is to be accorded to the [factfinder's] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956 [internal quotation marks omitted]). We see no basis to disturb County Court's credibility determinations (*see People v Maxwell*, 103 AD3d 1239, 1240).

Defendant contends that, if this Court reverses the judgment of conviction in appeal No. 1, then we should likewise reverse the judgment of conviction in appeal No. 2. We affirm the judgment in

appeal No. 2, however, in view of our determination in appeal No. 1 (*cf. People v Baker*, 20 NY3d 354, 364).

Entered:  April 26, 2013

Frances E. Cafarell
Clerk of the Court