# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

363

KA 11-01780

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TIMOTHY J. GAY, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered June 27, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's accomplice testified that defendant stole an ATM from a bar, and that testimony was corroborated by other witnesses. Defendant contends that the People's witnesses lacked credibility, but we give great deference to the factfinder's " 'opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, citing *Bleakley*, 69 NY2d at 495; *see People v Sorrentino*, 12 AD3d 1197, 1197-1198, *lv denied* 4 NY3d 748). Indeed, a jury is able to "assess [the] credibility and reliability [of the witnesses] in a manner that is far superior to that of reviewing judges[,] who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890), and we perceive no reason to disturb the jury's credibility determinations.

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court