# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**415**

**KA 09-01789**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARTIN S. PAULK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARTIN S. PAULK, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 19, 2009. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree and intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from two judgments convicting him, following a consolidated jury trial, of various crimes arising from his criminal sale and criminal possession of a controlled substance and his subsequent kidnapping of a witness to the drug crimes. In December 2006, a confidential informant (hereafter, victim) provided the New York State Police with names of known drug dealers, including defendant, whom the victim had known for several years. The police arranged for two controlled buys in January 2007 and, based on those buys, executed a search warrant of defendant's home later that month. Defendant was arrested and arraigned on a felony complaint, dated January 25, 2007, charging him with criminal possession of a controlled substance in the third degree based on the discovery of cocaine during that search. Approximately a year later, defendant was indicted on 10 counts of criminal possession and sale of a controlled substance, and a trial was scheduled for May 12, 2008.

On the scheduled trial date, the People indicated that they were not ready to proceed because the victim could not be located. The victim was arrested pursuant to a material witness warrant approximately one month later. He alleged that defendant, along with two other men, had kidnapped him at gunpoint on May 7, 2008, held him captive for

approximately five days, and thereafter drove him to Atlanta, where he was ordered, on threat of physical violence against his family, to stay in an apartment with defendant's brother.  The jury ultimately convicted defendant, in appeal No. 1, of kidnapping in the first degree (Penal Law § 135.25 [2] [b]) and intimidating a victim or witness in the third degree (§ 215.15 [1]) and, in appeal No. 2, of two counts each of criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).

On appeal, defendant contends in his main and pro se supplemental briefs that his conviction of kidnapping in the first degree is against the weight of the evidence because the victim's testimony was untrustworthy and incredible of belief.  While acquittal would not have been unreasonable given the evidence presented at trial, particularly the testimony of the victim (see People v Danielson, 9 NY3d 342, 348), it is possible that the jury accepted some parts of the victim's testimony and rejected other parts (see generally People v Negron, 91 NY2d 788, 792).  If the jury credited the victim's initial abduction testimony, that evidence would have fulfilled each element of the kidnapping charge and, viewing the evidence in light of the elements of that crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict finding defendant guilty of kidnapping in the first degree is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495).

Defendant next contends in his main brief that Supreme Court should have reopened the proof after jury deliberations had begun, when defendant made an offer of proof that the victim had fabricated the kidnapping story.  We conclude that the court properly denied defendant's request to reopen the proof to present the exculpatory testimony inasmuch as the proffered testimony related to credibility (see People v Olsen, 34 NY2d 349, 355-356; see also People v Whipple, 97 NY2d 1, 6-7).  To the extent that defendant raises a constitutional issue concerning the reopening of the proof, defendant failed to preserve that issue for our review by not raising it before the trial court (see People v Lane, 7 NY3d 888, 889).  We decline to exercise our power to review that constitutional issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We reject defendant's contention in his main and pro se supplemental briefs that he was deprived of a fair trial based on prosecutorial misconduct.  We note that defendant failed to object to many of the allegedly improper comments made by the prosecutor and thus failed to preserve his contention for our review to that extent (see CPL 470.05 [2]).  With respect to those allegations of prosecutorial misconduct that are preserved for our review, we conclude that they are either without merit or that they were not so egregious as to deny defendant due process of law (see generally People v Jacobson, 60 AD3d 1326, 1328, lv denied 12 NY3d 916).

Defendant's contention in his main brief that the court improperly interfered with the examination of witnesses so as to deprive him of a fair trial is not preserved for our review because defendant did not

object at trial to the alleged improprieties (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention in his main brief, the court did not err in denying his motion pursuant to CPL 330.30 to set aside the verdict based on newly discovered evidence (*see People v Bowers*, 4 AD3d 558, *lv denied* 2 NY3d 796). Defendant failed to meet his burden of demonstrating by a preponderance of the evidence that the testimony of three inmate witnesses was not cumulative to evidence already adduced at trial (*see* CPL 330.30 [3]; *see generally People v Wainwright*, 285 AD2d 358, 360).

We have considered defendant's remaining contentions, including the remaining contention in his pro se supplemental brief, and conclude that they are without merit.

Entered:  June 7, 2013                     Frances E. Cafarell
                                           Clerk of the Court