■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID J. YAW, Appellant. [24 NYS3d 553]—

Appeal from a judgment of the Supreme Court, Monroe
County (Daniel J. Doyle, J.), rendered December 20, 2010. The
judgment convicted defendant, upon a jury verdict, of robbery
in the third degree.

It is hereby ordered that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-
ing him upon a jury verdict of robbery in the third degree
(Penal Law § 160.05). Viewing the evidence in light of the ele-
ments of the crime as charged to the jury (see People v Daniel-
son, 9 NY3d 342, 349 [2007]), we reject defendant's contention
that the verdict is against the weight of the evidence (see gener-
ally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well
settled that "[g]reat deference is to be accorded to the fact[
]finder's resolution of credibility issues based upon its superior
vantage point and its opportunity to view witnesses, observe
demeanor and hear the testimony" (People v Aikey, 94 AD3d
1485, 1486 [2012], lv denied 19 NY3d 956 [2012] [internal
quotation marks omitted]; see People v Gay, 105 AD3d 1427,
1428 [2013]). "[A] jury's verdict is not necessarily against the
weight of the evidence merely because it accepts part of a
witness's testimony and rejects other parts" (People v Alteri, 49
AD3d 918, 920 [2008]; see People v Paulk, 107 AD3d 1413,
1414 [2013], lv denied 21 NY3d 1076 [2013], reconsideration
denied 22 NY3d 1157 [2014]). We perceive no reason to disturb
the jury's resolution of the credibility issues or the weight that
the jury accorded to the evidence (see Gay, 105 AD3d at 1428).
Contrary to defendant's further contention, the sentence is not
unduly harsh and severe. Present—Centra, J.P., Peradotto,
Lindley, DeJoseph and Scudder, JJ.