# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**69**

**KA 11-00349**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAVID J. YAW, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO SALZER & ANDOLINA, P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered December 20, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well settled that "[g]reat deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956 [internal quotation marks omitted]; *see People v Gay*, 105 AD3d 1427, 1428). "[A] jury's verdict is not necessarily against the weight of the evidence merely because it accepts part of a witness's testimony and rejects other parts" (*People v Alteri*, 49 AD3d 918, 920; *see People v Paulk*, 107 AD3d 1413, 1414, *lv denied* 21 NY3d 1076, *reconsideration denied* 22 NY3d 1157). We perceive no reason to disturb the jury's resolution of the credibility issues or the weight that the jury accorded to the evidence (*see Gay*, 105 AD3d at 1428). Contrary to defendant's further contention, the sentence is not unduly harsh and severe.

Entered: February 5, 2016                    Frances E. Cafarell
                                             Clerk of the Court