People v Schultz (2018 NY Slip Op 00648)





People v Schultz


2018 NY Slip Op 00648


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


28 KA 16-01083

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTA SCHULTZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 20, 2015. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). Defendant had a part-time position as the chief financial officer of a charter school in Buffalo, where she was responsible for managing the school's payroll. Defendant had an annual salary of about $42,000, but she caused the school to pay her $117,000 during her first seven months of employment. Although defendant claimed that she had actually worked 13 hours per day for more than 100 consecutive days, she nevertheless took $27,567 over and above the amount to which she would have been entitled had she actually worked those additional hours. Preliminarily, we note that, as the People correctly concede, defendant's waiver of the right to appeal was invalid. Although defendant executed a written waiver,
" there was no colloquy between [Supreme] Court and defendant regarding the waiver of the right to appeal to ensure that it was knowingly, voluntarily and intelligently entered' " (People v McCoy, 107 AD3d 1454, 1454 [4th Dept 2013], lv denied 22 NY3d 957 [2013]).
We reject defendant's contention that the court abused its discretion in denying her motion to withdraw her guilty plea on the grounds that it was not knowingly, voluntarily and intelligently entered, and the plea allocution was factually insufficient. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]). There is no such evidence here. Contrary to defendant's contention, there is no requirement that a defendant must acknowledge the commission of "every element of the pleaded-to offense" in order for a guilty plea to be effective (People v Seeber, 4 NY3d 780, 781 [2005]), and we note that defendant did not negate an element of the offense to which she pleaded guilty during the plea colloquy (see People v Lopez, 71 NY2d 662, 666 [1988]). Further, " [a] court does not abuse its discretion in denying a motion to withdraw a guilty plea where[, as here,] the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding' " (People v Manor, 121 AD3d 1581, 1582 [4th Dept 2014], affd 27 NY3d 1012 [2016]).
Finally, contrary to defendant's contention, we conclude that the court did not abuse its discretion in denying defendant's request to adjourn sentencing because defendant did not make the requisite showing of prejudice (see People v Aikey, 94 AD3d 1485, 1486 [4th Dept 2012], lv [*2]denied 19 NY3d 956 [2012]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court