People v Thomas (2019 NY Slip Op 07204)





People v Thomas


2019 NY Slip Op 07204


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


956 KA 17-01208

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEQUANN THOMAS, ALSO KNOWN AS POOH BEAR, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (NOHA A. ELNAKIB OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 7, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, criminal possession of a weapon in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [2]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and assault in the second degree (§ 120.05 [2]) arising from allegations that defendant forcibly stole money and personal property from a victim and, in the course of doing so, shot that victim with a loaded firearm. Defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence, primarily based on his challenge to the credibility of the victim regarding the identity of the perpetrator. We reject those contentions.
Even assuming, arguendo, that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that it lacks merit. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that the evidence is legally sufficient to support the conviction with respect to each charge of which he was convicted (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see id.). Contrary to defendant's contention, the " [i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations' " (People v Odums, 121 AD3d 1503, 1504 [4th Dept 2014], lv denied 26 NY3d 1042 [2015]). The victim's initial reluctance to cooperate with the police investigation and to testify at trial was adequately explained, and his testimony was corroborated by other evidence (see People v Smith, 173 AD3d 414, 414 [1st Dept 2019], lv denied — NY3d — [Aug. 26, 2019]; People v Walker, 279 AD2d 696, 698 [3d Dept 2001], lv denied 96 NY2d 869 [2001]). Among other things, the victim's description of the incident and the perpetrator's clothing was consistent with street surveillance video that captured a portion of the incident including the shooting, and the evidence established [*2]that the perpetrator's clothing matched that worn by defendant in a photo on his social media account (see People v Young, 152 AD3d 981, 982 [3d Dept 2017], lv denied 30 NY3d 955 [2017]). Furthermore, contrary to defendant's contention, although the victim had an extensive criminal history, "[t]he fact that [he] had an unsavory background . . . [does] not render his testimony incredible" (People v Bernard, 100 AD3d 916, 916-917 [2d Dept 2012], lv denied 20 NY3d 1096 [2013]; see People v Maxwell, 103 AD3d 1239, 1241 [4th Dept 2013], lv denied 21 NY3d 945 [2013]).
We also reject defendant's contention that he was denied effective assistance of counsel. Contrary to defendant's contention, the record before us does not establish that defense counsel had any basis upon which to challenge the search warrant for defendant's social media account, and it is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (People v Francis, 63 AD3d 1644, 1644 [4th Dept 2009], lv denied 13 NY3d 835 [2009] [internal quotation marks omitted]; see People v Caban, 5 NY3d 143, 152 [2005]). To the extent that defendant's contention involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL 440.10 (see People v Carey, 162 AD3d 1476, 1478 [4th Dept 2018], lv denied 32 NY3d 936 [2018]). Contrary to defendant's additional contention, we conclude that he was not deprived of effective assistance by defense counsel's failure to object to alleged bolstering testimony of a police investigator inasmuch as any such objection would have had little or no chance of success (see People v Reed, 151 AD3d 1821, 1822 [4th Dept 2017], lv denied 30 NY3d 952 [2017]). In any event, even assuming, arguendo, that the testimony constituted bolstering, we note that defense counsel " may have had a strategic reason for failing to [object to such testimony] inasmuch as he may not have wished to draw further attention to [such testimony]' " (id.). Finally, defendant's "complaint about defense counsel's performance during . . . closing arguments merely amounts to a second-guessing of counsel's trial strategy and does not establish ineffectiveness' " (People v Simpson, 173 AD3d 1617, 1620 [4th Dept 2019]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court