People v White (2020 NY Slip Op 00691)





People v White


2020 NY Slip Op 00691


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


6 KA 18-00320

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD WHITE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EDWARD P. DUNN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 8, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law
§ 160.10 [1]). Defendant failed to preserve his contention that the evidence is legally insufficient to establish that he was "aided by another person actually present" because his motion for a trial order of dismissal was not specifically directed at that alleged insufficiency (id.; see People v Gray, 86 NY2d 10, 19 [1995]; People v Goodrum, 72 AD3d 1639, 1639 [4th Dept 2010], lv denied 15 NY3d 773 [2010]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, defense counsel was not ineffective for failing to make a specific motion for a trial order of dismissal on the ground that there is legally insufficient evidence that he was aided by another. It is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Bakerx, 114 AD3d 1244, 1245 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]), and here "there was no chance that such a motion would have succeeded" (People v Heary, 104 AD3d 1208, 1209 [4th Dept 2013], lv denied 21 NY3d 943 [2013], reconsideration denied 21 NY3d 1016 [2013]; see Bakerx, 114 AD3d at 1245). The evidence at trial established that defendant " committed the robbery in the full view of his companion, who . . . was in a position to render immediate assistance to defendant' " (People v McIntosh, 158 AD3d 1289, 1290 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; cf. People v Hedgeman, 70 NY2d 533, 535 [1987]). With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that defendant "failed to sustain his burden to establish that his attorney failed to provide meaningful representation' that compromised his right to a fair trial' " (People v Pavone, 26 NY3d 629, 647 [2015], quoting People v Caban, 5 NY3d 143, 152 [2005]; see People v Huddleston, 160 AD3d 1359, 1361 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]). Finally, the sentence is not unduly harsh or severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court