People v Wisniewski (2021 NY Slip Op 00950)





People v Wisniewski


2021 NY Slip Op 00950


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


616 KA 18-00336

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY WISNIEWSKI, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 19, 2017. The judgment convicted defendant upon a jury verdict of criminally negligent homicide, operating a vessel while under the influence of alcohol or drugs (two counts), endangering the welfare of a child and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the mandatory surcharge imposed under counts two and three of the indictment to $175 with a crime victim assistance fee of $25, vacating that part of the sentence revoking defendant's driver's license for one year, and vacating the fine, and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminally negligent homicide (Penal Law § 125.10) and two counts of operating a vessel while under the influence of alcohol or drugs (Navigation Law
§ 49-a [2] [a], [d]). This case arises from an incident in which a 16-year-old girl died after she struck her head on a bridge while riding as a passenger in a motor boat passing underneath it. The evidence presented at defendant's trial established that defendant owned the boat and, just prior to the incident, had allowed his 17-year-old codefendant to pilot it, with defendant and the victim as passengers. The codefendant had spent the previous night at defendant's home, among other things, drinking alcohol, and both defendant and the codefendant were intoxicated at the time the victim struck her head on the morning in question. The evidence further established that, once defendant allowed the codefendant to take control of the boat, he began piloting the boat in a dangerous manner and well above the speed limit for the creek on which it traveled. Witnesses described the boat's excessive speed and how it swerved from one side of the creek to the other just before the accident occurred.
Although defendant contends on appeal that the conviction of criminally negligent homicide is not supported by legally sufficient evidence for multiple reasons, defendant's contention is preserved for our review only with respect to the issue of defendant's accessorial liability (see People v Ange, 37 AD3d 1143, 1144 [4th Dept 2007], lv denied 9 NY3d 839 [2007]). Contrary to defendant's contention with respect to that issue, " 'there is a[ ] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (People v Cahill, 2 NY3d 14, 57 [2003]). Specifically, the evidence is legally sufficient to establish that defendant "importune[d]" or "intentionally aid[ed]" the codefendant in his commission of the offense while defendant himself acted "with the mental culpability required for the commission thereof" (Penal Law
§ 20.00; see generally People v Kaplan, 76 NY2d 140, 145 [1990]; People v Flayhart, 72 NY2d 737, 741 [1988]; People v Abbott, 84 AD2d 11, 14-15 [4th Dept 1981]). In addition, viewing the evidence in light of the elements of the crime of criminally negligent homicide as charged to the [*2]jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, County Court did not abuse its discretion in allowing the People to elicit expert testimony from an accident reconstructionist regarding the stance typically taken by motor boat passengers in order to keep their balance in a moving watercraft. That testimony was "helpful in aiding a lay jury reach a verdict" (People v Brown, 97 NY2d 500, 505 [2002]). Defendant further contends that the court erred in allowing the codefendant to testify on redirect examination by the People that there had been prior occasions in which the codefendant purchased marihuana from defendant's son while defendant was present. By objecting solely on the ground that the testimony lacked relevance, defendant failed to preserve his contention that such testimony should have been precluded under People v Molineux (168 NY 264 [1901]) (see generally People v Garcia-Santiago, 60 AD3d 1383, 1383 [4th Dept 2009], lv denied 12 NY3d 915 [2009]). In any event, defendant opened the door to that testimony by eliciting testimony on cross-examination regarding those marihuana purchases (see generally People v Stoutenger, 121 AD3d 1496, 1497 [4th Dept 2014], lv denied 25 NY3d 1077 [2015]) and, contrary to defendant's contention, the testimony in question was relevant to establish why the codefendant was at defendant's home on the evening before the victim's death, to establish the nature of the relationship between defendant and the codefendant, and to complete the narrative of events leading up to the victim's death (see generally People v Ray, 63 AD3d 1705, 1706 [4th Dept 2009], lv denied 13 NY3d 838 [2009]).
By failing to object to certain remarks made by the prosecutor during summation, defendant failed to preserve his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (see People v Mahoney, 175 AD3d 1034, 1035 [4th Dept 2019], lv denied 35 NY3d 943 [2020]). By failing to request different jury instructions or object to the charge as given, defendant likewise failed to preserve his challenge to the jury instructions given by the court (see People v Washington, 173 AD3d 1644, 1645 [4th Dept 2019], lv denied 34 NY3d 985 [2019]). Defendant also failed to preserve his contention that he was convicted on the basis of an uncharged theory of guilt (see People v Hursh, — AD3d &mdash, — [Feb. 11, 2021] [4th Dept 2021]).
Contrary to defendant's additional contention, viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v White, 179 AD3d 1444, 1444-1445 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; People v Wallace, 259 AD2d 978, 978-979 [4th Dept 1999], lv denied 93 NY2d 981 [1999]).
We agree with defendant, however, that the court committed various errors at sentencing that require modification of the judgment. With respect to the two counts of operating a vessel while under the influence of alcohol or drugs, the court imposed, in addition to concurrent one-year terms of imprisonment, what it believed was a mandatory $1,500 fine. However, defendant's conviction of each of those counts was punishable by up to one year of imprisonment "or by a fine of not less than five hundred dollars nor more than one thousand dollars, or by both such fine and imprisonment" (Navigation Law § 49-a [2] [f] [1]). We therefore modify the judgment by vacating the fine, and we remit the matter to County Court to determine whether to impose a fine and, if so, to fix a legal amount therof (see People v Butler, 46 AD3d 1333, 1334 [4th Dept 2007]; see also People v Smith, 309 AD2d 1282, 1283 [4th Dept 2003]). Regarding those same counts, in addition to the fine, the court imposed $395 in surcharges and fees. By law, the court should have imposed a $175 surcharge and a $25 crime victim assistance fee with respect to those counts (see Penal Law § 60.35 [1] [a] [ii]; [2]; Navigation Law § 49-a [2] [f] [1]). Although defendant failed to preserve for our review his contention regarding the proper surcharge and crime victim assistance fee to be imposed with respect to those counts, we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we further modify the judgment by reducing the mandatory surcharge imposed under counts two and three of the indictment to $175 with a $25 crime victim assistance fee (see generally People v Smith, 57 AD3d 1410, 1411 [4th Dept 2008]). Additionally, the court lacked the authority to revoke defendant's driver's license as part of his sentence pursuant to Vehicle and Traffic Law § 510 (2) because the victim's death did not result from the operation [*3]of "a motor vehicle or motorcycle" (§ 510 [2] [a] [i]), and we therefore further modify the judgment accordingly.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court