People v Keith A.B. (2023 NY Slip Op 01378)

People v Keith A.B.

2023 NY Slip Op 01378

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

56 KA 18-01755

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH A.B., JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from an adjudication of the Monroe County Court (Douglas A. Randall, J.), rendered August 21, 2018. Defendant was adjudicated a youthful offender upon a nonjury verdict finding defendant guilty of robbery in the second degree. 
It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a youthful offender adjudication based upon a nonjury verdict finding him guilty of robbery in the second degree (Penal Law § 160.10 [1]). We affirm.
Defendant's contention regarding the legal sufficiency of the evidence is preserved only with respect to the issue of identity (see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit inasmuch as a rational trier of fact could have found that the victim's testimony and other evidence established each element of the crime, including defendant's identity as the perpetrator of the robbery, beyond a reasonable doubt (see People v Withrow, 170 AD3d 1578, 1578-1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]; People v Maxwell, 103 AD3d 1239, 1240 [4th Dept 2013], lv denied 21 NY3d 945 [2013]; see generally People v Delamota, 18 NY3d 107, 113 [2011]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Maxwell, 103 AD3d at 1240; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim "never wavered in [his] testimony regarding the events or [his] identification of defendant" as the person who forcibly stole from him (People v Cooper, 134 AD3d 1583, 1585 [4th Dept 2015] [internal quotation marks omitted]; see People v Freeman, 206 AD3d 1694, 1695-1696 [4th Dept 2022]). Moreover, "several aspects of the victim's account were corroborated by the testimony of other witnesses" and other evidence (Maxwell, 103 AD3d at 1241), including soundless video footage of the incident captured by an exterior surveillance system. The video footage also corroborates the victim's testimony that a second individual was "[k]eeping watch" during the robbery. Contrary to defendant's contention, the People were not required to establish that the second person actually prevented the victim from leaving the scene, or that the person interfered with anyone else who might have come to the victim's aid, in order to establish that defendant was "aided by another person actually present" for purposes of Penal Law § 160.10 (1) (see People v McIntosh, 158 AD3d 1289, 1290 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Here, the victim's testimony and the second individual's body language, as can be seen on the video, suggests that the second individual was well aware of defendant's plans, that he was indeed on the lookout, and that he would be available to render assistance if defendant needed it (see People v White, 179 AD3d 1444, 1444 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; see also [*2]McIntosh, 158 AD3d at 1290; see generally Bleakley, 69 NY2d at 495).
Finally, we reject defendant's contention that he was denied effective assistance of counsel due to defense counsel's failure to pursue a suppression hearing with respect to certain physical evidence recovered from a search of an unrelated party's apartment. "To prevail on his claim of ineffective assistance of counsel, defendant 'must demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to pursue colorable claims,' and '[o]nly in the rare case will it be possible, based on the trial record alone, to deem [defense] counsel ineffective for failure to pursue a suppression [hearing]' " (People v Roots, 210 AD3d 1532, 1533-1534 [4th Dept 2022], quoting People v Carver, 27 NY3d 418, 420 [2016]). Here, we conclude that defendant failed to meet his burden, particularly inasmuch as the record indicates that defendant "had relatively tenuous ties to the apartment" in which the evidence was recovered (People v Ortiz, 83 NY2d 840, 842 [1994]) and the resident of the apartment consented to the search (see People v Plumley, 111 AD3d 1418, 1419 [4th Dept 2013], lv denied 22 NY3d 1140 [2014]; People v Loomis, 17 AD3d 1019, 1020 [4th Dept 2005], lv denied 5 NY3d 830 [2005]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court