■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BAEZ, Appellant. [737 NYS2d 338] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., on dismissal motion; Bruce Allen, J., at jury trial and sentence), rendered November 5, 1997, convicting defendant of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of eight years and five years, respectively, unanimously affirmed.

Defendant's claim that the court should have dismissed the indictment on the ground that he had been deprived of his right to testify before the grand jury was affirmatively waived when defendant, through counsel (*see, People v Ferguson*, 67 NY2d 383, 390), withdrew the motion to dismiss, leaving nothing for the court to decide. Defendant expressly withdrew the motion itself, and not merely his request to testify before the grand jury (*compare, People v Mason*, 176 AD2d 356, *lv denied* 79 NY2d 921).

The court properly modified its *Sandoval* ruling to permit inquiry into defendant's prior arrests after defendant's direct testimony left the mistaken impression with the jury that he had no history of selling drugs (*see, People v Fardan*, 82 NY2d 638; *People v Clark*, 272 AD2d 197, *lv denied* 95 NY2d 851). Similarly, defendant's direct testimony concerning his success at passing through a metal detector at a dance club earlier in the evening of the incident also opened the door to questioning about the box cutter recovered from him at the time of his arrest.

Although the prosecutor's questioning of defendant's character witness in a manner that assumed defendant's guilt of the instant charges was improper (*see, People v Pryor*, 70 AD2d 805), the error was harmless in light of the overwhelming evidence of defendant's guilt.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.