■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAL M. CATLIN, Appellant. [838 NYS2d 284]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered August 6, 2004. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contention of defendant, the verdict is not against the weight of the evidence with respect to his intent to commit burglary (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495). County Court was entitled to credit testimony presented by the People establishing that defendant entered the victim's home without permission (see generally Bleakley, 69 NY2d at 495; People v Coleman, 278 AD2d 891 [2000], lv denied 96 NY2d 798 [2001]).

We reject defendant's remaining contention that the court erred in allowing the prosecutor to cross-examine a defense witness with respect to a prior incident in which she and defendant were arrested. The record establishes that the witness testified that no one else was involved in the incident, and the prosecutor did not ask her whether defendant was arrested or charged in connection with that incident. In any event, we conclude that any error in that respect is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.