■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND MURPHY, Also Known as ROLAND REDDICK, Appellant. [842 NYS2d 623]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 15, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree (two counts).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE REDDICK, Appellant. [843 NYS2d 201]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 11, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, sexual abuse in the second degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, rape in the second degree (Penal Law § 130.30 [1]), defendant contends that County Court erred in denying his application for subpoenas duces tecum with respect to the victim's school and social services records. We reject that contention inasmuch as, at the time of the application, defendant failed to set forth a sufficient "factual predicate to support the contention that the documents sought in the subpoena[s] will bear relevant and exculpatory evidence" (*People v Bagley*, 279 AD2d 426, 426 [2001], *lv denied* 96 NY2d 711 [2001]; *see generally Matter of Constantine v Leto*, 157 AD2d 376, 378 [1990], *affd for reasons stated* 77 NY2d 975 [1991]; *People v Gissendanner*, 48 NY2d 543, 551 [1979]). Here, although defense counsel contended that the records might contain evidence of a prior false accusation by the victim against defendant, "the application was supported solely by speculation in an attorney's [letter], without even an indication of the basis for that speculation. Accordingly, [the c]ourt did not abuse its discretion in denying [that part of] the application" (*People v Bush*, 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005]). The other contentions raised by defense counsel in the application concerned information that would be used to impeach the victim's general credibility and thus the remainder of the application was also properly denied (*see e.g. People v Radtke*, 219 AD2d 739 [1995], *lv denied* 87 NY2d 924 [1996]; *People v Scott*, 212 AD2d 477 [1995], *lv denied* 85 NY2d 980 [1995]; *cf. People v Thurston*, 209 AD2d 976 [1994], *lv denied* 85 NY2d 915 [1995]; *see generally Gissendanner*, 48 NY2d at 548). Contrary to defendant's further contention, the victim's social services records were not within the custody or control of the People and thus do not constitute *Rosario* or *Brady* material (*see Matter of Sabol v People*, 203 AD2d 369 [1994]; *see generally People v Tucker*, 171 Misc 2d 1, 10 [1996]).

We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount

importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495; *see People v Catlin*, 41 AD3d 1199 [2007]). We see no basis to disturb the jury's determination of credibility.

To the extent that defendant contends that he was denied a fair trial based on the prosecutor's failure to disclose exculpatory evidence, we conclude that defendant waived that contention by withdrawing his CPL 330.30 motion raising that contention (*see People v Abney*, 10 AD3d 617 [2004], *lv denied* 4 NY3d 760 [2005]; *People v Hollis*, 309 AD2d 764, 765-766 [2003], *lv dismissed* 1 NY3d 597 [2004]; *People v Baez*, 290 AD2d 372 [2002], *lv denied* 98 NY2d 635 [2002]). Certain of the remaining instances of prosecutorial misconduct are not preserved for our review (*see People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]) and, in any event, the remaining instances, including those that are preserved for our review, do not amount to conduct that was "so egregious or prejudicial as to deny defendant his right to a fair trial" (*People v Dexter*, 259 AD2d 952, 954 [1999], *affd* 94 NY2d 847 [1999]; *cf. People v Mott*, 94 AD2d 415, 418 [1983]).

Finally, we conclude that, despite defense counsel's initial failure to demand exculpatory evidence in the omnibus motion, defendant ultimately received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.