■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAYOLA McINTOSH, Appellant. [937 NYS2d 30]—

When this case was originally before us, we held among other things that the trial court had erred in denying defendant's motion to dismiss the indictment. Relying on our rationale in *People v Davis* (72 AD3d 53 [2010]), we found that the indictment was unauthorized because the People, after withdrawing the presentation of the case to the grand jury, failed to obtain court authorization pursuant to CPL 190.75 (3) before re-presenting the case to a second grand jury. We dismissed the indictment but granted the People leave to apply for a court order permitting them to resubmit the charges to a third grand jury.

The Court of Appeals reversed, finding that under the circumstances of this case the People did not need court authorization before re-presenting it and remitted the case for our determination of the unresolved issues that defendant raised on the appeal to this Court (*People v Davis*, 17 NY3d 633 [2011]).

Defendant's remaining claims are unavailing. She argues that, to counter the victim's testimony about how much her injuries incapacitated her, the trial court should have allowed defendant to introduce prison records showing that after the victim was attacked she regularly visited an inmate. However, the evidence was collateral to the issues presented at trial and was properly excluded (*see People v Boatwright*, 297 AD2d 603 [2002], *lv denied* 99 NY2d 533 [2002]). The records would not have shown that the victim testified falsely about an attack on her face with a sharp object, which necessitated over 40 stitches, and defendant's participation in the attack.

Defendant did not preserve her claim regarding the *Sandoval* ruling, and we decline to review it in the interest of justice. As an alternative holding, we find that contrary to defendant's contention, the trial court did not err in modifying a prior *Sandoval* ruling by allowing the jury to learn during defendant's cross-examination that, when the attack occurred, defendant was on parole for a prior felony conviction. The court properly permitted the People to elicit that information to clarify confusing testimony defendant gave on direct examination as to why she admittedly lied to the police about knowing the codefendant (*see People v Baez*, 290 AD2d 372 [2002], *lv denied* 98 NY2d 635 [2002]). In any event, the court's curative instruction ameliorated any prejudice (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

Defendant's objection to the admission of evidence of a prior fight between defendant and the victim is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, the evidence was admitted not to improperly establish defendant's propensity for violence, but instead to demonstrate that, contrary to defendant's testimony, she had a prior relationship with the victim (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]).

The verdict was not against the weight of the evidence.

Finally, the sentence was not excessive, given the violence of the attack, the victim's injuries, and defendant's criminal history. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.