# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

832

KA 11-01558

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V         MEMORANDUM AND ORDER

STEVEN M. SWANK, DEFENDANT-APPELLANT.

---

AMY L. HALLENBECK, JOHNSTOWN, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 24, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, criminal sexual act in the second degree (two counts) and unlawfully dealing with a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, rape in the second degree (Penal Law § 130.30 [1]), defendant contends that the verdict is against the weight of the evidence based on his own testimony, the testimony of the victim, and the lack of evidence supporting the victim's testimony. Specifically, defendant contends that the victim's testimony is not credible because her trial testimony was internally inconsistent and was also inconsistent with her statements to the police and her grand jury testimony. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801; *see generally Bleakley*, 69 NY2d at 495).

Defendant failed to seek immunity for a witness that he called to testify at a hearing on his CPL article 330 motion, and he thus failed to preserve for our review his further contention that the prosecutor abused his discretion "when he refused to request that [the witness] be granted immunity from prosecution" (*see generally People v*

*Callicut*, 101 AD3d 1256, 1262 n 4, *lv denied* 20 NY3d 1096; *People v Norman*, 40 AD3d 1130, 1131, *lv denied* 9 NY3d 925; *People v Grimes*, 289 AD2d 1072, 1073, *lv denied* 97 NY2d 755).  In any event, that contention is without merit inasmuch as the decision of a District Attorney to request immunity for a witness is discretionary " 'and not reviewable unless the District Attorney acts with bad faith to deprive a defendant of his or her right to a fair trial' " (*People v Bolling*, 24 AD3d 1195, 1196, *affd* 7 NY3d 874; *see generally* CPL 50.30), and here there was no showing of bad faith (*see People v Adams*, 53 NY2d 241, 247-248).  Furthermore, the witness's testimony "could have been produced at trial with the exercise of due diligence, and it was not of 'such character as to create a probability that had such evidence been received at the trial the verdict would have been favorable to the defendant' " (*People v Broadnax*, 52 AD3d 1306, 1308, *lv denied* 11 NY3d 830, quoting CPL 330.30 [3]).

     Defendant failed to seek dismissal of a sworn juror on the ground that she was grossly unqualified, and thus he also failed to preserve for our review his contention that County Court erred in refusing to grant that relief (*see generally People v Hicks*, 6 NY3d 737, 739).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to move to disqualify the juror as grossly unqualified.  It is " 'incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709), and defendant failed to make such a showing here, particularly in light of the indications in the record that the juror in question was the only juror who was of the opinion that defendant should not be convicted.

     Finally, the sentence is not unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court