# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**922**

**KA 11-01287**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RALPH N. WILLIAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered May 20, 2011. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree, rape in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of rape in the first degree (Penal Law § 130.35 [1]), rape in the second degree (§ 130.30 [1]), and endangering the welfare of a child (§ 260.10 [1]). In appeal No. 2, defendant appeals from the resentence imposed for that conviction.

In appeal No. 1, we conclude that defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the convictions of rape in the first degree and rape in the second degree inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error" asserted on appeal (*People v Gray*, 86 NY2d 10, 19). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Great deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956 [internal quotation marks omitted]; *see People v Mosley*, 59 AD3d 961, 962, *lv denied* 12 NY3d 918, *reconsideration denied* 13 NY3d 861). Here, Supreme Court credited the

victim's testimony, and we see no basis for disturbing that determination (*see People v Maxwell*, 103 AD3d 1239, 1240, *lv denied* 21 NY3d 945).

We reject defendant's contention that he was denied the right to effective assistance of counsel based on defense counsel's performance during the cross-examination of prosecution witnesses. That contention involves "a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial" (*People v Flores*, 84 NY2d 184, 187), and "[s]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (*People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922 [internal quotation marks omitted]; *see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the court properly denied his request for the victim's counseling records and the records from other criminal proceedings concerning unrelated crimes committed against the victim. "The court determined following an in camera inspection of the victim's counseling records that they did not relate to the crimes committed by defendant" (*Bassett*, 55 AD3d at 1437). Additionally, the contentions raised by defendant with respect to his request for records "concerned information that would be used to impeach the victim's general credibility[,]" and thus the request was properly denied (*People v Reddick*, 43 AD3d 1334, 1335, *lv denied* 10 NY3d 815; *see generally People v Gissendanner*, 48 NY2d 543, 548). Defendant failed to preserve for our review his contention that the order of protection issued by the court does not comport with CPL 530.13 (*see People v Nieves*, 2 NY3d 310, 315-317), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to appeal No. 2, we conclude that the sentence imposed at resentencing is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant's resentence on the count of rape in the second degree included a seven-year period of postrelease supervision. The certificate of conviction must therefore be amended to reflect that the resentence did not include any postrelease supervision for that count inasmuch as the sentence imposed with respect to that count was for an indeterminate term of incarceration of 3½ to 7 years (*see* Penal Law § 70.45 [1]; *see generally People v Anderson*, 79 AD3d 1738, 1739, *lv denied* 16 NY3d 856).

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court