# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

171
KA 14-01399
PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

HARVEY BLACK, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 4, 2014. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant failed to seek dismissal of a sworn juror on the ground that the juror was grossly unqualified, and thus he failed to preserve for our review his contention that County Court erred in refusing to grant that relief (*see* CPL 470.05 [2]; *People v Swank*, 109 AD3d 1089, 1090, *lv denied* 23 NY3d 968). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Additionally, we reject defendant's contention that he was deprived of defense counsel's judgment in deciding whether to request the court to charge the jury with a lesser-included offense. Defense counsel originally requested a lesser-included offense charge, but after an off-the-record discussion with defendant, defense counsel agreed to forgo such a charge. Furthermore, during the charge conference, defendant confirmed that he had adequate time to confer with defense counsel regarding the lesser-included offense charge, and defense counsel agreed to forgo the charge on the record. The record therefore demonstrates that, "after discussing the issue at length, defense counsel agreed with or acceded to defendant's position" (*People v Gottsche*, 118 AD3d 1303, 1304-1305, *lv denied* 24 NY3d 1084), and we conclude that "there is nothing in the record to establish that the decision to forgo the submission of lesser-included offenses was made solely in deference to defendant, that it was against the advice of defendant's counsel, or that it was inconsistent with defense

counsel's trial strategy" (*id.* at 1304).

Defendant also contends that the evidence is legally insufficient to support the conviction, and that the verdict is against the weight of the evidence inasmuch as the People failed to prove the element of forcible compulsion. Defendant failed to preserve his legal sufficiency contention for our review because his motion for a trial order of dismissal "was not specifically directed" at that ground (*People v Vassar*, 30 AD3d 1051, 1052, *lv denied* 7 NY3d 796; *see People v Gray*, 86 NY2d 10, 19). In any event, contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to establish that he subjected the victim to sexual contact by forcible compulsion (*see People v Gibson*, 134 AD3d 1512, 1513). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was denied effective assistance of counsel. Defendant has failed to establish the absence of any strategic or other legitimate explanation for defense counsel's alleged errors during voir dire of the jury (*see generally People v Caban*, 5 NY3d 143, 152), or for defense counsel's failure to call an expert witness (*see People v Maxey*, 129 AD3d 1664, 1665). We also reject defendant's contention that he was deprived of the right to effective assistance of counsel based on defense counsel's cross-examination of prosecution witnesses (*see People v Williams*, 110 AD3d 1458, 1459-1460, *lv denied* 22 NY3d 1160), as "[s]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (*People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922 [internal quotation marks omitted]). Thus, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant has failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct inasmuch as he did not object to any alleged instances thereof (*see People v Jemes*, 132 AD3d 1361, 1362-1363, *lv denied* 26 NY3d 1110), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In any event, we conclude that none of the prosecutor's comments on summation were so egregious as to deprive defendant of a fair trial (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834), and defense counsel's failure to object to those comments did not deprive defendant of effective assistance of counsel (*see People v Koonce*, 111 AD3d 1277, 1279).

Defendant's contention that the court erred in handling a note received from a juror during the trial is not preserved for our review (*see generally People v Nealon*, 26 NY3d 152, 160; *People v Starling*, 85 NY2d 509, 516), and we decline to exercise our power to review it

as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, defendant's sentence is not unduly harsh or severe.